UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No. 8:04-cr-521-T-23MAP

WILBUR HENRY MARTINEZ
_____/

**ORDER**

A two-count indictment filed October 26, 2004, (Doc. 22) charges Martinez and four others with (1) possessing with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States and (2) conspiracy to possess with the intent to distribute five kilograms or more of cocaine. Martinez' four co-defendants pleaded guilty without the benefit of a plea agreement and Martinez proceeded to trial. Co-defendants Metodio Villegas Aguirre and Larue Thomas Humphreys testified at Martinez' trial. Aguirre and Humphreys testified that they were promised nothing in exchange for their testimony. A jury found Martinez guilty of both counts, and Martinez was sentenced to one hundred eighty-eight months of imprisonment.[*]

More than six years after the conclusion of his trial, Martinez claims "newly discovered evidence" consisting of allegations that the United States committed

---

[*] The Eleventh Circuit's mandate affirming Martinez' conviction and sentence (Doc. 221) issued November 16, 2006. Martinez' motion under 28 U.S.C. 2255 was denied on November 30, 2007 (Doc. 230).

prosecutorial misconduct by failing to "disclose all of its trial witnesses' prior statements, some of which constituted exculpatory Brady information."  Martinez moves (Doc. 243, 244) under Rule 33, Federal Rules of Criminal Procedure, for "a new trial and relief from judgment."  Without demonstrable support, Martinez speculates that, because the evidence provided to him by his defense counsel in conjunction with the trial contained only one statement to law enforcement by co-defendant Humphreys, the United States necessarily must have "purposefully failed to turn over [statements by co-defendants Humphreys and Aguirre]," and that:

> the speed at which the [co-defendants'] 5K1 motions were made after my trial also leads to the reasonable inference that, during those unreported interviews, specific promises of "rewards, incentives, and time cuts" were made to defendants Aguirre and Humphreys, incentives which were not disclosed prior to or during trial.  Both Aguirre and Humphreys provided critical non-cumulative testimony, contributing to my conviction.  Had these undisclosed promises been disclosed, a different trial result is a probability.

(Doc. 244, p. 2).

Rule 33 provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilt" and authorizes a new trial based on "newly discovered evidence" if the defendant establishes that (1) the evidence on which the defendant relies was discovered after trial, (2) the defendant at all times exercised due care and diligence in discovering the evidence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the results of the trial would have differed if the evidence had been presented. United States v. Lee, 68 F.3d 1267 (11th Cir. 1995).  The movant must establish all five elements of the claim.  United States v. Starrett, 55 F.3d 1525 (11th Cir. 1995).

Martinez motion is filed more than six years after the April 7, 2005, jury verdict; Martinez knew before trial that the United States disclosed only one pre-trial statement; Martinez did not challenge the extent of discovery before trial (or on appeal or in his Section 2255 motion); Martinez cannot prove that the pre-trial statement is not merely cumulative or impeaching because Martinez only speculates that another pre-trial statement exists; and Martinez cannot prove that presentation to the jury of evidence of the alleged pre-trial statement, the supposed content of which is unknown, would have resulted in a different verdict.

Martinez received a fair trial. The evidence of Martinez' guilt is plentiful and not solely dependent on the credibility of his co-defendants. Martinez fails to allege any matter that even generally tends to show his discovery more than six years after the trial of some material matter that would alter the result of his trial. Martinez' motion fails to state a claim for relief under Rule 33 based on "newly discovered evidence." Likewise, the motion's "due process" attack or attack based on alleged prosecutorial misconduct does not state a claim for relief under Rule 33.

Martinez cites Eberhart v. United States, 546 U.S. 12 (2005), for the proposition that Rule 33 is a "claim processing rule" rather than a jurisdictional rule, permitting his late-filing. However, the facts in this case differ materially from Eberhart, in which the United States raised the timeliness issue for the first time on appeal. In this case, the United States is not directed to respond, and has not responded, to Martinez' motion. "Nothing in Eberhart precludes a sua sponte determination of untimeliness by the district court, especially where [the defendant's] Rule 33 motion was filed ten years after

the jury's verdict and was seven years too late." <u>United States v. Fields</u>, 194 Fed. Appx. 825 (11th Cir. 2006).

Martinez' motion for a new trial (Doc. 243, 244) is meritless, untimely, and **DENIED**.

ORDERED in Tampa, Florida, on September 6, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE